UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ST. PAUL FIRE & MARINE INSURANCE COM-PANY, TRAVELERS INDEMNITY COMPANY OF AMERICA, TRAVELERS INDEMNITY COMPANY, AND GULF UNDERWRITERS INSURANCE COM-PANY, | ) ) ) ) ) | 1:13-cv-01573-JMS-DML |
| *Plaintiffs*, | ) ) | |
| *vs.* | ) ) | |
| CITY OF KOKOMO, *Defendant,* | ) ) ) | |
| and | ) ) | |
| SELECTIVE INSURANCE COMPANY, *Interested Party Defendant.* | ) ) ) | |

## **ORDER TO FILE JOINT JURISDICTIONAL STATEMENT**

Plaintiffs St. Paul Fire & Marine Insurance Company ("St. Paul"), Travelers Indemnity Company of America ("Travelers of America"), Travelers Indemnity Company ("Travelers Indemnity"), and Gulf Underwriters Insurance Company ("Gulf") filed a Complaint for Declaratory Judgment and Demand for Jury Trial against Defendant City of Kokomo ("Kokomo") and "Interested Party Defendant" Selective Insurance Company ("Selective").  [Dkt. 1.]  Plaintiffs allege that Selective is an interested party because Selective – along with Plaintiffs – issued a liability policy to Kokomo, and "Selective may have an interest in the outcome of this lawsuit as it pertains to [Plaintiffs'] obligations, if any, to [Kokomo]…."  [*Id.* at 3, ¶ 7.]  Plaintiffs allege that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because: (1) Plaintiffs are all Connecticut corporations with their principal places of business in Connecticut, [*id.* at 4, ¶¶ 8-11]; (2) Kokomo is "a municipality that is classified as a city under Indiana Constitution § 36-1-2-3 and § 36-4-1-1 and can be sued as such pursuant to Indiana and federal law," [*id.* at 4, ¶ 12];

(3) Selective is a New Jersey corporation with its principal place of business in New Jersey, [*id.* at 4, ¶ 13]; and (4) the amount in controversy exceeds $75,000, exclusive of interest and costs, [*id.* at 4, ¶ 14].

Kokomo and Selective have answered Plaintiffs' Complaint. [Dkts. 40; 41.]  In its Answer, Kokomo denies Plaintiffs' allegations regarding all of the parties' respective citizenships, [dkt. 40 at 6-7, ¶¶ 8-13], and denies Plaintiffs' allegations regarding the amount in controversy, [*id.* at 7, ¶ 14].  As to the citizenship allegations, Selective states in its Answer that it "is without knowledge or information sufficient to form a belief as to the truth of the allegations…."  [Dkt. 41 at 3, ¶¶ 8-13.]  For the amount in controversy allegations, Selective admits them "[t]o the extent a response is required."  [*Id.* at 3-4, ¶ 14.]

The Court must independently determine whether proper diversity among the parties exists.  *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007).  The Court is not being hyper-technical:  Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669 (7th Cir. 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009).  Based on Kokomo's and Selective's answers to the Complaint, the Court cannot determine whether it can exercise diversity jurisdiction over this case.

The Court **ORDERS** all of the parties to meet and confer, and conduct whatever investigation necessary, to determine whether this Court has diversity jurisdiction.  If the parties agree that diversity jurisdiction is proper, they shall file a joint jurisdictional statement by **December 16, 2013** setting forth the basis for each of their citizenships and whether they agree that the amount in controversy exceeds $75,000, exclusive of interest and costs.  If the parties cannot agree on their respective citizenships or the amount in controversy, any party who disagrees shall

file a separate jurisdictional statement by **December 16, 2013** setting forth its view regarding the

citizenship of each of the parties and the amount in controversy.

12/05/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**