UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ST. PAUL FIRE & MARINE INSURANCE COMPANY, *et al.* Plaintiffs, vs. CITY OF KOKOMO, *et al.* Defendants. | No. 1:13-cv-01573-JMS-DML |

# ORDER

On December 17, 2013, the Court accepted the parties' Joint Jurisdictional Statement as sufficient to establish the Court's diversity jurisdiction over this matter at that time. [Filing No. 51.] On July 21, 2014, Plaintiffs filed an Amended Complaint, properly setting forth allegations sufficient to plead the existence of the Court's diversity jurisdiction over this matter. [Filing No. 78 at 5-6.]

Most of Plaintiffs' jurisdictional allegations are consistent with the parties' Joint Jurisdictional Order[1] and they properly plead diversity jurisdiction. [Filing No. 50 at 2 with Filing No. 78 at 5-6.] Although Defendant City of Kokomo (the "City") signed the Joint Jurisdictional Statement making those representations, [Filing No. 50 at 3], its Answer asserts that it "lacks knowledge or information sufficient to form a belief as to the truth of the [jurisdictional] allegations[,]" [Filing No. 83 at 8-9]. Curiously, despite disclaiming knowledge of the factual underpinnings of diversity jurisdiction, the City admits that this Court has "original jurisdiction over this action because the controversy is between citizens of different states and

---

[1] Plaintiffs' allegations regarding Selective Insurance Company of South Carolina, [Filing No. 78 at 5-6], differ from the representations in the parties' Joint Jurisdictional Statement, [Filing No. 50 at 2].

exceeds the minimum jurisdictional amount of $75,000, exclusive of interest and costs." [Filing No. 83 at 9].] Such an admission is insufficient because the Court has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009), and the parties cannot confer jurisdiction on it, *see, e.g.*, *United States v. Tittjung*, 235 F.3d 330, 335 (7th Cir. 2000) ("No court may decide a case without subject matter jurisdiction, and neither the parties nor their lawyers may stipulate to jurisdiction or waive arguments that the court lacks jurisdiction.").

The Court cannot determine whether the conflicting information described herein is based on events that have taken place since the parties' submission of the Joint Jurisdictional Statement, [Filing No. 50], or because of inattention by the City in its Answer, [Filing No. 83]. Either way, it necessitates the Court to again confirm that it has diversity jurisdiction over this matter. Accordingly, the City is **ORDERED TO FILE A REPORT** by **August 25, 2014**, explaining the basis for the changed representations in its Answer regarding the parties' citizenship. Should the City wish to amend jurisdictional responses in its Answer, its report should attach a proposed Amended Answer. Defendant Selective Insurance Company of South Carolina is cautioned to keep these principles in mind to avoid the Court issuing a similar entry after it files its answer.

Distribution:

Katrine L. Hyde
CARROLL MCNULTY & KULL LLC
120 Mountain View Blvd.
Basking Ridge, NJ 07046

Margaret F. Catalano
CARROLL MCNULTY & KULL LLC
120 Mountain View Blvd.
Basking Ridge, NJ 07046

Mary Fechtig
CARROLL MCNULTY & KULL, LLC
mfechtig@cmk.com

Adam C. Decker
PLUNKETT & COONEY PC
adecker@plunkettcooney.com

Charles W. Browning
PLUNKETT & COONEY, P.C.
cbrowning@plunkettcooney.com

Pamela A. Paige
PLUNKETT COONEY
ppaige@plunkettcooney.com

Danielle Perez
PLUNKETT COONEY PC
dperez@plunkettcooney.com

David L. Guevara
TAFT STETTINIUS & HOLLISTER LLP
dguevara@taftlaw.com

Thomas F. O'Gara
TAFT STETTINIUS & HOLLISTER LLP
togara@taftlaw.com