UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ST. PAUL FIRE & MARINE INSURANCE COMPANY, | ) | |
| TRAVELERS INDEMNITY COMPANY OF AMERICA, | ) | |
| TRAVELERS INDEMNITY COMPANY, | ) | |
| GULF UNDERWRITERS INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CITY OF KOKOMO, | ) | |
| SELECTIVE INSURANCE COMPANY OF SOUTH CAROLINA, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | No. 1:13-cv-01573-JMS-DML |
| | ) | |
| SELECTIVE INSURANCE COMPANY OF SOUTH CAROLINA, | ) | |
| | ) | |
| Counter Claimant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| GULF UNDERWRITERS INSURANCE COMPANY, | ) | |
| ST. PAUL FIRE & MARINE INSURANCE COMPANY, | ) | |
| TRAVELERS INDEMNITY COMPANY, | ) | |
| TRAVELERS INDEMNITY COMPANY OF AMERICA, | ) | |
| | ) | |
| Counter Defendants. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| SELECTIVE INSURANCE COMPANY OF SOUTH CAROLINA, | ) | |
| | ) | |
| Cross Claimant, | ) | |

1

```
                                        )
          vs.                           )
                                        )
CITY OF KOKOMO,                         )
                                        )
                    Cross Defendants.   )
```

## ORDER DENYING MOTION TO RECONSIDER

At issue in this litigation are the extent, if any, of Plaintiffs St. Paul Fire and Marine Insurance Company, The Travelers Indemnity Company of America, and the Travelers Indemnity Company's (collectively, "Travelers") duties to defend and indemnify Defendant City of Kokomo (the "City") for claims involving an environmental contamination matter at 1130 South Dixon Road, Kokomo, Indiana (the "Site"). Specifically, Travelers wants the Court to declare at the summary judgment stage of these proceedings that Travelers has no duty to defend or indemnify the City because of pollution exclusions and landfill endorsements in three sets of insurance policies that Travelers issued to the City for coverage periods between 2002 and 2013.

Presently pending before the Court is Travelers' Motion for Reconsideration or, In the Alternative, For Certification of Certain Rulings in the Court's Order on Travelers' Motion for Partial Summary Judgment. [Filing No. 136 (referencing Filing No. 134) (Order Denying Plaintiffs' Motion for Summary Judgment Regarding the Pollution Exclusions and Landfill Endorsements).] Travelers asks the Court to reconsider its denial of summary judgment regarding the application of pollution exclusions in the 2007-2011 Policies and the 2011-2013 Policies. [Filing No. 137 at 3-9.] Travelers also argues that there are no genuine issues of material fact with

regard to the application of the landfill endorsement in the 2002-2004 Policies.[1]  [Filing No. 137 at 9-11.]

In the law, as in most everything in life, "timing is often everything." *Lott v. Levitt*, 556 F.3d 564, 568 (7th Cir. 2009).  Travelers' motion presents the Court with a few teaching moments it cannot overlook.  First, Travelers contends for the first time in its reply brief supporting reconsideration that recent evidence obtained in the course of ongoing fact discovery forecloses an issue of material fact that the Court identified in denying a portion of Travelers' summary judgment motion.  The Court reminds Travelers that Travelers requested leave to pursue its chosen litigation strategy of filing an "early" summary judgment motion.  [Filing No. 79.]  Travelers certainly chose that course believing discovery was irrelevant.  Maybe that belief was mistaken, but often so is pursuit of a piecemeal litigation strategy.  Delay in briefing that motion and Travelers' motion to reconsider will not be rewarded by allowing Travelers to rely on eleventh-hour evidence *on reply in a motion to reconsider* to which the City has not had a chance to respond.  Second, multiple times in its motion to reconsider, Travelers ignores key portions of the Court's summary judgment analysis or the designated evidence on which the Court's analysis relied.  Travelers' disregard for these key portions of the opinion neither helps its position nor forms a valid basis for a motion to reconsider.  Third, Travelers requests for the first time in its reconsideration request that the Court certify certain issues to the Indiana Supreme Court if it does not agree with Travelers' position.  Travelers' certification request rings hollow because it suggests that Travelers only believes these issues are a novel matter of public importance warranting

---

[1] Travelers does not ask the Court to reconsider its denial of summary judgment regarding the pollution exclusion in the 2002-2004 Policies, [Filing No. 134 at 11-15], or its conclusion that genuine issues of material fact exist regarding application of the landfill endorsements in the 2007-2011 Policies and 2011-2013 Policies, [Filing No. 134 at 29-32].  Thus, the Court will not discuss those portions of its summary judgment opinion.

certification because Travelers did not prevail in its original motion for summary judgment. Moreover, Travelers chose to bring this action in federal court, bypassing the option to present this case to the Indiana Supreme Court through state court litigation. For the reasons detailed more fully herein, the Court denies Travelers' motion for reconsideration and its alternative certification request. [Filing No. 136.]

## I.
### STANDARD OF REVIEW

"Motions to reconsider 'are not replays of the main event.'" *Dominguez v. Lynch*, 612 F. App'x 388, 390 (7th Cir. 2015) (quoting *Khan v. Holder*, 766 F.3d 689, 696 (7th Cir. 2014)).  A motion to reconsider is only appropriate where the Court has misunderstood a party, where the Court has made a decision outside the adversarial issues presented to the court by the parties, where the Court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted).  Because such problems "rarely arise," a motion to reconsider "should be equally rare." *Id.* at 1191.

## II.
### BRIEF BACKGROUND

The Court's Order Denying Travelers' Motion for Summary Judgment details the factual background of this litigation.  [Filing No. 134 at 4-7.]  Some of the pertinent facts for purposes of Travelers' summary judgment motion are undisputed:  The City has owned the Site since April 1, 1963. [Filing No. 95-7 at 7.]  It operated a municipal landfill and incinerator on the Site from 1963 until the 1970s. [Filing No. 95-7 at 7.]  Although the City still owns the Site, it is currently operated by Howard County as a yard waste recycling center.  [Filing No. 95-11 at 5.]

To address certain arguments that Travelers raised in its Motion to Reconsider, the Court finds it necessary to set forth the following procedural background.

### A.  Travelers' Request for an "Early" Summary Judgment Motion

In October 2013, Travelers filed its Complaint against the City in federal court. [Filing No. 1.]  Travelers' operative complaint seeks a declaratory judgment that it has no duty to defend or indemnify the City for the underlying environmental matter on the Site pursuant to three sets of insurance policies issued to the City between 2002 and 2013.  [Filing No. 78.]

In June 2014, the parties filed a Joint Status Report on Discovery.  [Filing No. 74.] Travelers requested an earlier dispositive motions deadline (February 2, 2015) than what the City proposed (September 15, 2015).  [Filing No. 74.]  The assigned Magistrate Judge held a status conference and adopted the City's proposed deadlines "except that the Travelers plaintiffs are granted leave to file an 'early' motion for summary judgment on the landfill exclusion issue and the pollution exclusion issue by September 30, 2014." [Filing No. 79 (as modified by Filing No. 81 at 2).]  The Magistrate Judge noted that Travelers would not be permitted to object to the taking of depositions of persons later in the discovery period if those depositions were also reasonably necessary for purposes of briefing their policy exclusion arguments.  [Filing No. 79 (as modified by Filing No. 81 at 2).]  Travelers was also "directed . . . to complete any discovery relating to the summary judgment motions as expeditiously as possible."  [Filing No. 97 at 3.]

### B.  Delay in Briefing Travelers' Summary Judgment Motion

On September 30, 2014, Travelers filed its "early" summary judgment motion, arguing that it was entitled to summary judgment based on the pollution exclusions and landfill endorsements contained in the insurance policies at issue.  [Filing No. 94.]  Specifically, Travelers argued that as a matter of law, the policies precluded coverage for the environmental contamination matter on

the Site, such that the Court should declare that Travelers has no duty to defend or indemnify the City.  [Filing No. 94.]

In response, the City moved for a stay of its deadline to file its opposition to Travelers' summary judgment motion because Travelers "began a rolling production of documents in September" that was only one-third complete by mid-October—two weeks before the City's response brief was due.  [Filing No. 97.]  The assigned Magistrate Judge held a status conference and granted the City's motion in part by extending its response brief deadline by sixty days.  [Filing No. 100.]  Because of a subsequent discovery dispute, [Filing No. 107], the parties jointly moved to extend the City's response deadline by an additional 30 days, [Filing No. 112].  The Court granted that motion, but noted that the parties' extensions would likely impact the scheduled trial date.  [Filing No. 113.]  After a final extension request was granted, [Filing No. 117], the City filed its response brief in opposition to Travelers' summary judgment motion on February 2, 2015, [Filing No. 118].

Travelers subsequently moved for a forty-five day extension of time to file its reply brief "to allow time for the depositions of three individuals—John Mundell, Bradley Adams and John Morr."  [Filing No. 124 at 2.]  That request was granted, [Filing No. 125], and Travelers filed its reply brief on April 6, 2015, [Filing No. 127].

Because Travelers cited new evidence within its reply brief, after a final extension request, [Filing No. 130], the City filed a surreply brief on April 20, 2015.  [Filing No. 131.]  Thus, almost seven months after it was filed, Travelers' "early" summary judgment motion was fully briefed for the Court's consideration on April 20, 2015.

### C.  Summary Judgment Decision and Travelers' Request for Reconsideration

On June 24, 2015, the Court issued a thirty-three page Order denying Travelers' request for summary judgment.  [Filing No. 134.]  The Court detailed the "unique approach" that Indiana utilizes to determine the applicability of a pollution exclusion in an insurance policy dispute, [Filing No. 134 at 9-11], concluding that Travelers was not entitled to summary judgment regarding its coverage obligations due to the pollution exclusions in the three sets of insurance policies at issue, [Filing No. 134 at 11-28].  The Court also denied Travelers' summary judgment request on the basis of the landfill endorsements in the three sets of insurance policies, concluding that issues of material fact precluded summary judgment.  [Filing No. 134 at 28-32.]

On July 23, 2014, Travelers filed the pending motion, asking the Court to reconsider portions of its denial of summary judgment or, alternatively, certify certain rulings to the Indiana Supreme Court for decision.  [Filing No. 136.]  The City timely opposed Travelers' motion to reconsider.  [Filing No. 139.]  The parties subsequently sought a six-week extension of various case management deadlines as well as a two-week extension of Travelers' reply deadline because "the parties believe that now is an opportune time to further pursue the possibility of settlement." [Filing No. 140 at 2.]  In doing so, the parties asked the Court "not [to] issue a ruling on Travelers['] motion for reconsideration/certification, even though the parties will complete the briefing of this motion."  [Filing No. 140 at 3.]  The Court granted the requested extensions, [Filing No. 141], and Travelers subsequently filed its reply brief on September 3, 2015, [Filing No. 142].

The assigned Magistrate Judge held a settlement conference on November 4, 2015, but the case did not settle.  [Filing No. 148.]  The Court now addresses Travelers' pending reconsideration request.  [Filing No. 136.]

## III.
### DECISION

Travelers asks the Court to reconsider its denial of summary judgment regarding application of the pollution exclusions in the 2007-2011 Policies and the 2011-2013 Policies. [Filing No. 137 at 3-9.]  Travelers also asks the Court to reconsider its conclusion that genuine issues of material fact preclude summary judgment with regard to the landfill endorsement in the 2002-2004 Policies.  [Filing No. 137 at 9-11.]  The Court will separately address these issues.

### A.  Pollution Exclusions

Travelers does not dispute the Court's summary of the applicable Indiana law regarding pollution exclusions in insurance policies.  Instead, Travelers contends that the Court did not properly apply Indiana law to the facts at issue herein.  [*See* Filing No. 137 at 7 ("after appropriately and accurately setting out the Indiana law that governs the interpretation of [a] pollution exclusion, [the Court] again fails to follow that law"); Filing No. 142 at 5 ("after accurately setting out the Indiana laws that govern this issue, [the Court] fails to properly apply that law").]  The Court will separately address Travelers' arguments with regard to the 2007-2011 and 2011-2013 Policies.

#### 1) 2007-2011 Policies

##### a.  Summary Judgment Order

The 2007-2011 Policies define the term "pollutant" by generally incorporating anything that "'is identified as dangerous, hazardous, or toxic, or is otherwise regulated, in any federal or Indiana environmental, health protection, or safety law.'" [Filing No. 134 at 16-18 (quoting Filing No. 95-13 at 21-24).]  The definition goes on to incorporate some federal and state laws by name. [Filing No. 134 at 17-18 (citing Filing No. 95-13 at 21-24).]

The Court found that definition of "pollutant" not sufficiently specific such that the Court could grant summary judgment to Travelers regarding its duty to defend and indemnify the City under the 2007-2011 Policies.  [Filing No. 134 at 22.]  In doing so, the Court disagreed with an argument by Travelers that the Indiana Supreme Court had implicitly approved of a pollution exclusion provision that generally incorporated laws to define the term "pollutant."  [Filing No. 134 at 21-22.]  The Court ultimately concluded that the definition of "pollutant" in the 2007-2011 Policies was not sufficiently specific to require the Court to grant summary judgment in favor of Travelers on its duty to defend and indemnify the City.  [Filing No. 134 at 22.]

### b.  Reconsideration Request

Travelers argues that the Court erred in denying summary judgment with regard to the 2007-2011 Policies because the Court allegedly "imposed its own, more stringent requirement into Indiana's pollution-exclusion doctrine—one which is wholly unsupported by binding Indiana Supreme Court precedent."  [Filing No. 137 at 3.]  Travelers contends that the 2007-2011 Policies are sufficiently explicit to preclude the City's environmental contamination claim because it is undisputed that each of the substances being tested for on the Site is identified in at least one of the incorporated laws.  [Filing No. 137 at 5.]  Travelers contends that the Court's summary judgment order "improperly hold[s] Travelers to a heightened standard" by allegedly concluding that a "'pollutant' definition is sufficiently unambiguous only if it identifies the excluded substances by *specific* name."  [Filing No. 137 at 4 (original emphasis).]  Travelers claims that the Indiana Supreme Court has already implicitly approved of defining the term "pollutant" by generally incorporating environmental laws.  [Filing No. 137 at 6.]

In response, the City argues that the Court correctly construed and properly applied Indiana law regarding interpretation of pollution exclusions.  [Filing No. 139 at 5.]  With regard to the

2007-2011 Policies, the City contends that the Court properly concluded that the policies' general incorporation of state and federal laws for the definition of "pollutant" was "'not sufficiently specific such that the Court can grant summary judgment to Travelers.'"  [Filing No. 139 at 5 (quoting Filing No. 134 at 22).]  The City contends that Travelers has misconstrued the applicable standard and the Court's conclusion.  [Filing No. 139 at 6-7.]

In reply, Travelers again claims that the Court "improperly held Travelers to a standard more stringent than what Indiana law provides."  [Filing No. 142 at 2.]  Travelers emphasizes that it believes the correct test to be whether there is "a reasonable interpretation of this 'pollutant' definition that does not encompass the claims at issue."  [Filing No. 142 at 4 (citing *Allstate Ins. Co. v. Dana Corp.*, 759 N.E.2d 1049 (Ind. 2001)).]  Travelers contends that the definition of "pollutant" in the 2007-2011 Policies is sufficient because "there is no reasonable reading of the phrase that does not entirely encompass the substances at issue."  [Filing No. 142 at 4.]  Thus, Travelers urges the Court to reconsider its conclusion and enforce the pollution exclusion in the 2007-2011 Policies.  [Filing No. 142 at 4.]

Travelers relies on *Allstate Ins. Co. v. Dana Corp.* as support for its arguments regarding the 2007-2011 Policies, contending that based on that case, the "test is, can the language—in this case, the total pollution exclusion—be reasonably construed so as *not* to apply to the facts at hand." [Filing No. 137 at 4-7 (original emphasis) (citing 759 N.E.2d 1049, 1057 (Ind. 2001)).]  Travelers ignores, however, that although *Dana* detailed a general standard for determining if insurance policy language is ambiguous, there was no pollution exclusion at issue in that case.  Instead, more recent Indiana Supreme Court precedent that directly addresses the interpretation and application of pollution exclusions controls.  *See, e.g.*, *Flexdar*, 964 N.E.2d at 848 (only citing *Dana* for its proposition that "[i]t is well settled that where there is ambiguity, insurance policies are to be

construed strictly against the insurer and the policy language is viewed from the standpoint of the insured"); *Friedline v. Shelby Ins. Co.*, 774 N.E.2d 37 (Ind. 2002) (not citing *Dana*).

The Court rejects Travelers' argument that the Indiana Supreme Court has implicitly approved of defining "pollutant" by generally incorporating environmental laws such as the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"). [Filing No. 137 at 6 (citing *State Auto. Mut. Ins. Co. v. Flexdar, Inc.*, 964 N.E.2d 845, 851-52 (Ind. 2012)).] Travelers raised this argument in its summary judgment motion, [Filing No. 127 at 4], and the Court addressed and rejected it, [Filing No. 134 at 21-22]. In its motion to reconsider, Travelers ignores the Court's conclusion that "the Indiana Supreme Court's characterization of the subsequent policy as being sufficient to 'resolve any question of ambiguity' appears to be a reference to that policy's specific inclusion of 'trichloroethylene (TCE)' as an excluded substance, not to its general reference to CERCLA." [Filing No. 134 at 21-22 (referencing *Flexdar*, 964 N.E.2d at 852).] As the Court recognized on summary judgment, "the substance at issue in *Flexdar* was TCE" and "the Indiana Supreme Court had already found the key question to be 'whether the language in [the insurer's] policy is sufficiently unambiguous *to identify TCE* as a pollutant.'" [Filing No. 134 at 21-22 (original emphasis) (quoting *Flexdar*, 964 N.E.2d at 851).] Travelers' reconsideration request also ignores the Court's acknowledgement that even if its conclusion is wrong, "the Court finds the language at issue in *Flexdar* to be dicta, given that the policy about which the comment was made was not at issue in that case and was not extensively analyzed by the Indiana Supreme Court." [Filing No. 134 at 22 n.9 (citing *Todd v. Societe Bic, S.A.*, 21 F.3d 1402, 1411 (7th Cir. 1994) (holding that "[n]o court, even a federal court in a diversity suit, is obliged to treat a dictum of another court (or, for that matter, its own dicta) as binding precedent")).] Travelers' attempt to raise arguments on reconsideration that the Court previously

rejected is improper on reconsideration, particularly so since Travelers ignores the Court's prior analysis.  *See Caisse Nationale de Credit Agricole v. CBI Indus.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (a party seeking reconsideration cannot rehash previously rejected arguments).

Travelers' main disagreement with the pollution exclusion portion of the Court's summary judgment opinion appears to be its belief that it stands for the proposition that "a 'pollutant' definition is sufficiently unambiguous only if it identifies the excluded substances by *specific* name." [Filing No. 137 at 4] (original emphasis).]  The Court's role in a diversity jurisdiction case is to "apply the law that would be applied by the Indiana Supreme Court" on substantive issues. *Lodholtz v. York Risk Servs. Grp., Inc.*, 778 F.3d 635, 639 (7th Cir. 2015) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)).  The Court detailed applicable Indiana law regarding pollution exclusions, [Filing No. 134 at 7-11], and Travelers does not disagree with that summary.  [Filing No. 137 at 7; Filing No. 142 at 5].  The Court then applied that law to the pollution exclusion in the 2007-2011 Policies, concluding that the general incorporation of "eleven federal laws; the environmental title of the Indiana Code; any amendments to any of those laws; and any list, regulation, or rule issued or promulgated by a federal governmental authority or an Indiana state or local governmental authority" was "insufficient to comply with Indiana's stringent standard that an insurance policy 'specify what falls within its pollution exclusion.'"  [Filing No. 134 at 22 (citing *Flexdar*, 964 N.E.2d at 851-52).]  The Court did not hold that an acceptable pollution exclusion must specifically list each substance by name—it simply found that the definition of "pollutant" from the 2007-2011 Policies generally incorporating a plethora of federal and state environmental laws was not sufficient.  Travelers' general disagreement with the Court's conclusion does not form the basis of a successful motion to reconsider.

*2) 2011-2013 Policies*

a.  Summary Judgment Order

The 2011-2013 Policies define the term "pollutant" by listing various substance classes and multiple substances by name.  [Filing No. 134 at 23-24 (quoting Filing No. 95-13 at 31-32).] The Court noted in its summary judgment order that the City "narrowly framed the issue in response to Travelers' motion [for summary judgment] with respect to the 2011-2013 Policies, and the Court will address it as such."  [Filing No. 134 at 27.]  Specifically, the City conceded that the use of a class of substances may be sufficiently explicit to bar coverage for substances within that class.  [Filing No. 134 at 27 (citing Filing No. 131 at 10).]  The City only identified two substances—silver and selenium—that it contended were not sufficiently identified by the definition of  "pollutant" in the 2011-2013 Policies and, thus, allegedly triggered Travelers' duty to defend.  [Filing No. 134 at 27.]  Although the City did not dispute that both substances were types of "inorganic contaminants," which was a class of substances specified in the definition of "pollutant" in the 2011-2013 Policies, the City contended that a policyholder of average intelligence would not know that.  [Filing No. 134 at 27.]  The Court agreed, citing the equivocal deposition testimony from an environmental consultant regarding inorganic materials.  [Filing No. 134 at 27 (citing Filing No. 127-2 at 16).]  The Court specifically noted that testing at the Site is ongoing, however, and should the results reveal that silver and selenium are not present on the Site, the Court's conclusion would be affected.  [Filing No. 134 at 28.]

b.  Reconsideration Request

Travelers asks the Court to reconsider its denial of summary judgment with regard to the 2011-2013 Policies.  [Filing No. 137 at 7-9.]  After summarizing Indiana insurance law from non-pollution-exclusion cases, Travelers' entire argument is that the "Order makes no showing that the

term 'inorganic contaminants' is ambiguous (i.e., susceptible to honest differing interpretations by reasonably intelligent persons)." [Filing No. 137 at 8.]

In response, the City emphasizes that the Court's conclusion was that an ordinary policyholder of average intelligent would not know that silver and selenium are types of inorganic contaminants. [Filing No. 139 at 5.]

In reply, Travelers emphasizes that the parties did not dispute that silver and selenium were inorganic contaminants. [Filing No. 142 at 5-6.] Travelers faults the Court for not demonstrating "how reasonably intelligent persons may reach differing interpretations of this [policy] language." [Filing No. 142 at 5.]

The Court's summary judgment order pointed out that in support of its summary judgment argument,

> Travelers cites deposition testimony from environmental consultant Bradley Adams, but Mr. Adams' testimony is not as clear as Travelers suggests. [Filing No. 127 at 6 (citing Filing No. 127-2 at 15-16).] In response to a question regarding whether certain unnamed minerals or metals are "inorganic materials," Mr. Adams testified, "I believe so." [Filing No. 127-2 at 16.] Neither the plain language of the pollution exclusion nor the equivocal testimony from an environmental consultant supports Travelers' contention that an ordinary policyholder of average intelligence would know that silver and selenium are types of inorganic contaminants excluded from coverage in the 2011-2013 Policies.

[Filing No. 134 at 27-28.]

The burden is on the party seeking summary judgment to show that there are no genuine issues of material fact. *Gerhartz v. Richert*, 779 F.3d 682, 685-86 (7th Cir 2015). Travelers' motion to reconsider completely ignores Mr. Adams' equivocal testimony and the Court's analysis. Instead, Travelers holds to its belief that the Court erred by allegedly failing to set forth exactly how the term "inorganic contaminants" is ambiguous. [Filing No. 142 at 5.] The Court's conclusion was that because the designated evidence showed that a paid environmental consultant

was not certain what the substance class at issue encompassed, the Court would not rule as a matter of law on summary judgment that it included silver and selenium—the two substances the City identified in its summary judgment response as not being sufficiently set forth in the definition of "pollutant" in the 2011-2013 Policies.   Travelers' general disagreement with the Court's conclusion does not form the basis of a successful motion to reconsider.

### B.  Landfill Endorsement in 2002-2004 Policies

All three sets of insurance policies at issue contain a landfill endorsement that Travelers argued on summary judgment precluded coverage for the environmental contamination matter on the Site.  The Court denied that request for all three sets of policies, [Filing No. 134 at 28-32], but Travelers only asks the Court to reconsider its request to deny summary judgment with regard to the 2002-2004 Policies.  [Filing No. 137 at 9-10.]

*1) Summary Judgment Order*

In relevant part, the landfill endorsement in the 2002-2004 Policies provides as follows: "**Excluded premises.**  We won't cover injury or damage or medical expenses that result from any of the following premises . . . [l]andfill, dump, refuse site, or incinerator."  [Filing No. 95-13 at 10-11 (original emphasis).]  The Court found that construing the evidence in a light most favorable to the City, as it must do on summary judgment, genuine issues of material fact exist in light of "evidence that the contamination at the Site may have occurred before the City owned the Site and operated it as a landfill."  [Filing No. 134 at 30.]  The Court cited the following evidence to support its conclusions that issues of material fact precluded summary judgment:

> Betsy McNamara, an environmental professional who conducted an assessment of the Site on behalf of the City per the EPA, testified in her deposition that an aerial photo of the Site from 1952 showed surficial disturbances that may indicate dumping at the Site prior to the City's ownership of it as a landfill in 1963.  [Filing No. 118-3 at 8.]

Additionally, Robert Harris, Travelers' corporate representative pursuant to Federal Rule of Civil Procedure 30(b)(6), testified in his deposition that a prior owner of the Site "was also allowing dumping in that entire general area" and that "there were newspaper articles we've seen that talk about complaints about the site . . . even back in the 1950s and '60s." [Filing No. 120-1 at 9-10.]  Mr. Harris pointed out that "with that as sort of a factual backdrop . . . we have a fact question as to how the City – where the City was actually operating, who it was directing to use what part, what – the City's presence on the site, what it understood about it, how it was operating the site, what the complaints were . . . ." [Filing No. 120-1 at 10.]  In response to a question about interpreting the insurance policies at issue, Mr. Harris testified that although the language of the policy will control, "the facts of what pollution happened when and where and those facts are still being discovered [with the Site], but those facts are going to play into that issue." [Filing No. 120-1 at 10.]  Although the City pointed to these portions of Mr. Harris' deposition in its response brief, Travelers does not address them in its reply brief. [Filing No. 127.]

Unambiguous language from the Landfill Endorsements in all three insurance policies contains a causation requirement that the pollution must be the result of the City's operation of the Site as a landfill. [Filing No. 95-13 at 10-11 (Landfill Endorsement in 2002-2004 Policies that excludes "injury or damage or medical expenses *that result from* any of the following premises . . . [l]andfill, dump, refuse site, or incinerator") (emphasis added)]. . . .  Thus, regardless of whether the language of the Landfill Endorsement requires that the Site be currently operated as a landfill (as the City claims) or previously operated as a landfill (as Travelers claims), summary judgment on this issue is inappropriate because the cited evidence shows that there is a genuine issue of material fact regarding whether dumping occurred on the Site before or while the City owned and operated it as a landfill.  That disputed evidence bears directly on whether the claims for which the City seeks defense and indemnity are subject to the Landfill Endorsements.

[Filing No. 134 at 30-32.]

### 2) Reconsideration Request

Travelers argues that the Court erred by allegedly imposing a causation requirement not set forth in the landfill endorsement in the 2002-2004 Policies. [Filing No. 137 at 9-10.]  Travelers contends that the City concedes that the Site is a landfill or dump and that the underlying environmental matter results from it being used as a landfill or dump.  [Filing No. 137 at 10-11.] Travelers believes that the Court imposed an erroneous operations requirement into the landfill

endorsement at issue and asks that the denial of summary judgment be reversed.  [Filing No. 137 at 9-10.]

In response, the City denies that it has conceded that the Site is a landfill or a dump or that the underlying environmental matter results from the Site being used as a landfill or a dump. [Filing No. 139 at 8.]  The City emphasizes the genuine issues of material fact found by the Court, particularly with regard to when the contamination occurred and who owned the Site at that time. [Filing No. 139 at 8.]  Thus, the City contends that it does not matter whether the landfill endorsement in the 2002-2004 Policies has an "operation requirement" as Travelers contends. [Filing No. 139 at 8.]

In reply, Travelers argues that "[t]he analysis for this endorsement is simple:  there is no coverage under these 2002-2004 policies if damage results from a landfill, dump, refuse site or incinerator." [Filing No. 142 at 7.]  Travelers contends that the landfill endorsement at issue has no timing requirement.  [Filing No. 142 at 7.]  Travelers spends the majority of its reply brief detailing "recent testimony" by Vernon L. Graves, the trustee of a trust that owns adjacent property.  [Filing No. 142 at 8-10.]  Travelers argues that Mr. Graves' testimony "puts an end to the question of fact" that the Court identified on summary judgment.  [Filing No. 142 at 8.]

Travelers cites nothing in support of its claim that the City has conceded that the Site is currently a landfill or dump and that the underlying environmental matter results from a time when it was being used as a landfill or dump.  [Filing No. 137 at 10-11.]  In response, the City reaffirms that it contests both of those issues.  [Filing No. 139 at 8.]  Given that the parties disagree on these basic points, it is hard to see how summary judgment could be granted since the 2002-2004 Policies exclude coverage for injury or damage "*that result from* any of the following premises . . . [l]andfill, dump, refuse site, or incinerator."  [Filing No. 95-13 at 10-11 (emphasis added).]

The Court finds it telling that in its reconsideration request, Travelers again completely ignores the deposition testimony of its own corporate witness, Mr. Harris.  [Filing No. 137.] Travelers unsuccessfully attempted this strategy in its summary judgment motion.  [Filing No. 134 at 31 (noting that "[a]lthough the City pointed to these portions of Mr. Harris' deposition in its response brief, Travelers does not address them in its reply brief")].  Travelers' strategy to ignore Mr. Harris' admissions that the City's operation of the Site and "when and where" the pollution happened "play into the issue" of how the insurance policies are interpreted is again unavailing. [*See* Filing No. 134 at 31 (summarizing Mr. Harris' testimony as it pertains to the landfill endorsement issues).]

In its reply brief, Travelers attempts to shift the Court's focus towards new testimony from Mr. Graves, which it contends forecloses issues of material fact identified by the Court on summary judgment.  The Court will not consider Travelers' arguments regarding Mr. Graves' recent testimony at this juncture.  Travelers admits that it "acquiesced" to the City's preference to postpone Mr. Graves' deposition until after Travelers' summary judgment motion was filed. [Filing No. 142 at 8.]  Travelers cites Mr. Graves' testimony for the first time in its reply brief supporting its reconsideration request—its fourth brief on these issues—and the City has not had a chance to respond.  The Court reminds Travelers that Travelers requested leave to pursue its chosen litigation strategy of filing an "early" summary judgment motion.  [Filing No. 79.]  The delay in briefing that motion and Travelers' motion to reconsider will not be rewarded by allowing Travelers to rely on eleventh-hour evidence to which the City has not had a chance to respond. For these reasons, the Court denies Travelers' request that it reconsider its denial of summary judgment on the applicability of the landfill endorsement in the 2002-2004 Policies.

### C. General Certification Request

At the end of each section of its Motion to Reconsider, Travelers argues that if the Court still disagrees with it "[i]n the alternative, and at a minimum, the Court should certify [these] question[s] to the Indiana Supreme Court, as the issue is not one of ambiguous policy language, but rather is a question regarding the application of Indiana Supreme Court precedent." [Filing No. 137 at 7.]  Accordingly, Travelers contends that "the Indiana Supreme Court—and only the Indiana Supreme Court—should make this determination." [Filing No. 137 at 7.]

The City opposes Travelers' request for certification.  It points out that Travelers chose to file this action in federal court and that the Indiana Supreme Court has provided ample authority for the Court to apply to the issues herein. [Filing No. 139 at 9-10.]  The City emphasizes the fact-specific nature of some of the issues in this action, arguing that they are inappropriate for certification. [Filing No. 139 at 9-10.]

In reply, Travelers argues that any of the issues it identifies would be proper for certification and that they "were prompted by the [Court's] ruling, and Travelers would not have been able to anticipate their relevance, regardless of where it filed suit." [Filing No. 142 at 11.]  It contends that each issue is outcome determinative and that Travelers raises a "unique question of contract interpretation by contesting the particular analysis undertaken by the Court." [Filing No. 142 at 11.]

Rule 64 of the Indiana Rules of Appellate Procedure permits a federal district court to certify a question of Indiana law to the Indiana Supreme Court "when it appears to the federal court that a proceeding presents an issue of state law that is determinative of the case and on which there is no clear controlling Indiana precedent." Certification is appropriate "when the case concerns a matter of vital public concern, where the issue will likely recur in other cases, where

resolution of the question to be certified is outcome determinative of the case, and where the state supreme court has yet to have an opportunity to illuminate a clear path on the issue." *State Farm Mut. Auto. Ins. Co. v. Pate*, 275 F.3d 666, 672 (7th Cir. 2001).

The Court disagrees with Travelers that its untimely certification request is appropriate. Travelers did not propose certification in its original summary judgment motion or even immediately after the Court's summary judgment ruling.  Instead, Travelers proposes certification as an alternative if the Court disagrees with the substance of Travelers' reconsideration request. Travelers' position suggests that Travelers only believes these issues are a novel matter of public importance warranting certification if Travelers loses.  Given its litigation strategy to pursue an "early" summary judgment on these very issues, Travelers was certainly aware that they were the focal point of its defense.  Yet Travelers chose not to avail itself of a litigation path that could present its arguments to the Indiana Supreme Court through state court litigation.  In any event, because the Indiana Supreme Court has provided ample guidance on the general issues raised by Travelers' "early" motion for summary judgment, certification is inappropriate.

## IV.
### CONCLUSION

For the reasons stated herein, the Court **DENIES** Travelers' Motion for Reconsideration or, In the Alternative, For Certification of Certain Rulings in the Court's Order on Travelers' Motion for Partial Summary Judgment.  [Filing No. 136.]  The parties should diligently work to avoid further extensions of time of the recently extended Case Management Deadlines.  [Filing No. 147.]

Date: November 25, 2015

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

20

**Distribution via CM/ECF**:

Mary Fechtig
CARROLL MCNULTY & KULL, LLC
mfechtig@cmk.com

Adam C. Decker
PLUNKETT & COONEY PC
adecker@plunkettcooney.com

Charles W. Browning
PLUNKETT & COONEY, P.C.
cbrowning@plunkettcooney.com

Pamela A. Paige
PLUNKETT COONEY
ppaige@plunkettcooney.com

Danielle Perez
PLUNKETT COONEY PC
dperez@plunkettcooney.com

David L. Guevara
TAFT STETTINIUS & HOLLISTER LLP
dguevara@taftlaw.com

Thomas F. O'Gara
TAFT STETTINIUS & HOLLISTER LLP
togara@taftlaw.com